## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

GREGORY ROBINSON,         )
                               )
      Petitioner,          )
                               )
                               )       No. 2:14-cv-02630
v.                           )       Judge Lipman
                               )       DEATH PENALTY
                               )
WAYNE CARPENTER, Warden,    )
                               )
      Respondent.       )

_____

## RESPONDENT'S ANSWER TO PETITION
## FOR WRIT OF HABEAS CORPUS
_____

### I. PRELIMINARY STATEMENT

Pursuant to this Court's order entered August 20, 2014 (D.E. 7), requiring a response by the respondent in this matter, and Rule 5 of the Rules Governing § 2254 Cases in the United States District Courts, respondent WAYNE CARPENTER, Warden, submits the following answer to the petition for writ of habeas corpus:

The petitioner, GREGORY ROBINSON, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Western District of Tennessee challenging the legality of his confinement under a November 1998 judgment of the Shelby County Criminal Court convicting him of first-degree murder and sentencing him to death. (D.E. 1)

**A.**     **Exhaustion of State Remedies**

Petitioner is deemed to have exhausted his state remedies under 28 U.S.C. § 2254(b), since there is no procedure available under Tennessee law for him to present any claim in the Tennessee

state courts challenging the conviction and sentence at issue in this case. Although petitioner has alleged grounds for relief that have not been fairly or adequately presented to the state courts in satisfaction of § 2254(b)'s exhaustion requirement, those claims are now barred from presentation to the state courts by the statute of limitations under Tenn. Code. Ann. § 40-30-102(a) and the "one petition" limitation of § 40-30-102(c) and, thus, are procedurally defaulted in this proceeding, as alleged more specifically in the State's response to specific claims in Part V, *infra*.

**B. Timeliness and Successive Application for Relief**

On information and belief, this is the petitioner's first application for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his custody under the state-court judgment at issue here. The petition is timely filed under 28 U.S.C. § 2244(d)(1).

**C. Transcripts**

The following transcripts will be filed with the Clerk of this Court as attachments to respondent's Notice of Filing Documents:

1. Transcript of petitioner's trial proceedings conducted in November 1998, *State v. Gregory Robinson*, Shelby County Criminal Court No. 97-13179-80 (Honorable James C. Beasley, Jr. Presiding).

2. Transcript of the evidentiary hearings in petitioner's state post-conviction proceeding, *Gregory Robinson v. State*, Shelby County Criminal Court No. 97-13179-80 (Honorable W. Otis Higgs, Presiding).

To respondent's knowledge, all state-court proceedings of record pertinent to this petitioner have been transcribed and will be filed by the respondent with the Clerk of this Court.

**D. Briefs and Opinions**

The briefs of the parties and opinions of the Tennessee appellate courts will be filed with

the Clerk of this Court as attachments to respondent's Notice of Filing Documents.

## II. STATEMENT OF THE CASE

On November 21, 1998, a Shelby County jury found the petitioner guilty of the first-degree murder and especially aggravating kidnapping of Vernon Green. Following a sentencing hearing, the jury found the following aggravating circumstances: (1) the murder was especially heinous, atrocious, or cruel in that it involved torture or serious physical abuse beyond that necessary to produce death, and (2) the murder was committed during the perpetration of a kidnapping. Tenn. Code Ann. § 39-13-204(i)(5),(7) (1997). After finding that evidence of these aggravating circumstances outweighed evidence of the mitigating circumstances beyond a reasonable doubt, the jury imposed a death sentence. On direct appeal, the Tennessee Court of Criminal Appeals mandated a new trial after concluding that the state failed to charge the lesser-included offenses of facilitation and solicitation. *State v. Robinson*, No. W2001-01299-CCA-R3-DD, 2003 WL 21946735 (Tenn.Crim.App. Aug. 13, 2003). On appeal by the State of Tennessee, the Tennessee Supreme Court found that the defendant was not entitled to jury instructions on the lesser-included offenses of solicitation and facilitation, and reinstated the judgment of the trial court. *State v. Robinson*, 146 S.W.3d 469 (Tenn. 2004). The United States Supreme court denied certiorari. *Robinson v. Tennessee,* 546 U.S. 1214 (2006).

Petitioner filed a petition for post-conviction relief in the Shelby County Criminal Court on September 27, 2005, which the trial court denied following an evidentiary hearing. The Tennessee Court of Criminal Appeals affirmed the judgment of the trial court on March 20, 2013, and the Tennessee Supreme Court denied permission to appeal on August 14, 2013. *Gregory Robinson v. State*, No. W2011-00967-CCA-R3-PD, 2013 WL 1149761 (Tenn.Crim.App. Mar. 20, 2013), *perm. app. denied* (Tenn. Aug. 14, 2013.)

Petitioner filed his petition for writ of habeas corpus in this court on August 13, 2014. (D.E. 1.) Pursuant to Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), the Court entered an order on August 20, 2014, directing that respondent file an answer to the petition and the complete state-court record. (D.E. 7.) The court subsequently granted respondent's request to extend the filing deadline to January 23, 2015. (D.E. 16, 21.)

## III. STATEMENT OF THE EVIDENCE

A summary of the evidence from petitioner's trial is contained in the opinion of the Tennessee Supreme Court on direct appeal. *Robinson*, 146 S.W.3d at 474–85. A summary of the evidence presented at petitioner's state post-conviction proceeding is contained in the opinion of the Tennessee Court of Criminal Appeals in its opinion affirming the denial of post-conviction relief. *Gregory Robinson v. State,* 2013 WL 1149761, at *13-56.

## IV. ISSUES PRESENTED FOR REVIEW

In his petition for writ of habeas corpus, petitioner asserts the following grounds for relief:

1.      Whether the petitioner was denied his constitutional rights to due process when the State elicited testimony from Jarvis Shipp denying that he had received any promises from the State.

2.      Whether the petitioner was denied his constitutional rights to due process when the State withheld Jarvis Shipp's November 5 statement.

<u>Ineffective Assistance of Counsel at Trial</u>

Whether the petitioner was denied the effective assistance of counsel at the guilt phase of his trial due to counsel's:

3.      Failure to use Jarvis Shipp's November 5 statement to cross examine him at trial.

4.      Opening the door to Sergeant Ashton's testimony about Shaun Washington.

5.      Calling Officer Richard Parker as a tattoo expert at trial.

6.      Failure to object to the accomplice jury instruction.

7.      Failure to object to prosecutorial vouching during closing argument.

8.      Failure to identify, investigate, and interview possible witnesses.

9.      Failure to adequately prepare to present evidence promised to the jury.

10.     Failure to object to references about the petitioner's decision not to testify.

11.     Failure to object to the State's use of facts and statements of law during closing argument.

12.     Failure to object to the lack of foundation for the testimony of Jarvis Shipp and Chris James.

13.     Failure to object to State evidence about the crime scene discovery and the victim's body.

14.     Failure to request that the petitioner be allowed to sit at counsel table, and failure to challenge the local rule.

15.     Errors related to jury selection.

16.     Failure to obtain expert testimony regarding the photo array, and failure to adequately prepare for petitioner's suppression hearing.

17.     Cumulative errors at petitioner's trial.

Other Trial-Related Issues

18.     Whether the petitioner was denied his constitutional rights to due process where the State used distinct fact theories in the petitioner's and the petitioner's co-defendant's trials.

19.     Whether the petitioner was denied his constitutional rights to due process when the State withheld the transcript of the hearing on Jarvis Shipp's Motion to Suppress his initial statement to police.

20.     Whether the petitioner was denied his constitutional rights to due process when the State failed to instruct the jury on the lesser included offenses of facilitation and solicitation.

21.     Whether the jury instructions defining "Intentionally," "Knowingly," "Direct," "Circumstantial," and "Reasonable Doubt" lowered the State's burden of proof in violation of the petitioner's constitutional rights.

22.     Whether the petitioner was denied his constitutional rights to due process when the trial court denied his motion for a mistrial.

23.     Whether the petitioner was denied his constitutional rights to due process when the trial court allowed into evidence the victim's reconstructed skull and photos of the victim's body.

24.     Whether the petitioner was denied his constitutional rights to due process when the trial court denied his *Batson* challenge.

25.     Whether a biased juror was present in violation of the petitioner's constitutional rights.

26.     Whether the petitioner was denied his constitutional rights to due process when the trial court denied the petitioner's motion for individual and sequestered *voir dire*.

27.     Whether identifications derived from a photo array were impermissibly suggestive in violation of the petitioner's constitutional rights.

28.     Whether the evidence was insufficient to sustain the petitioner's convictions.

<u>Ineffective Assistance of Counsel at Sentencing</u>

Whether the petitioner was denied the effective assistance of counsel at the penalty phase

of his trial due to counsel's:

29.　　Failure adequately present mitigating evidence during the penalty phase of his trial.

30.　　Continuing representation after petitioner's conviction despite a conflict of interest.

31.　　Failure to object to jury instructions where the instructions did not state that the jurors could consider any aspect of the petitioner's record.

32.　　Failure to object to the prosecutor's determination of aggravating circumstance.

33.　　Cumulative errors during the penalty phase of petitioner's trial.

<u>Ineffective Assistance of Counsel on Direct Appeal</u>

Whether the petitioner was denied the effective assistance of counsel during his direct appeal due to his counsel's:

34.　　Failure to challenge the Tennessee Supreme Court's finding that the medical examiner's testimony corroborated the testimony of Jarvis Shipp

35.　　Failure to challenge the inclusion of the petitioner's witnesses in the accomplice jury instruction.

36.　　Failure to challenge the trial court's rulings regarding the admissibility of lack of flight evidence

37.　　Failure to challenge the local rule that requires court permission for defendant's to sit at counsel's table.

<u>Errors Related to the Tennessee Justice System</u>

38.　　Whether the Tennessee Rules for considering aggravating circumstances are unconstitutional.

39.　　Whether the under-representation of women as grand jury forepersons in Shelby County violated the petitioner's constitutional rights, and whether trial counsel was ineffective for

failing to raise the issue.

40.     Whether death sentences are imposed arbitrarily and capriciously in Tennessee.

41.     Whether the State of Tennessee's appellate review process in death penalty cases ensures that capital punishment is not imposed arbitrarily and capriciously.

42.     Whether the administration of lethal injection constitutes cruel and unusual punishment.

43.     Whether the State of Tennessee's use of the death penalty violates international treaties, laws, and norms.

44.     Whether the petitioner was denied his constitutional rights due to cumulative error.

## V. ARGUMENT

### A.      Standard of Review

Under 28 U.S.C. § 2254(d), federal courts may grant habeas relief on claims decided on the merits by the state courts only if the decision (1) was contrary to clearly established federal law as determined by the United States Supreme Court, (2) involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or (3) was based on an unreasonable determination of the facts in light of the evidence presented in state court.  28 U.S.C. §§ 2254(d)(1), (2); *Williams v. Taylor*, 529 U.S. 362, 403 (2000); *Magana v. Hofbauer*, 263 F.3d 542, 546 (6th Cir. 2001).  Both the "contrary to" clause and the "unreasonable application" clause, 28 U.S.C. § 2254(d)(1), have independent meaning.  *Williams*, 529 U.S. at 404-05.

A state-court decision is contrary to clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases; or "if the state court confronts a set of facts that are materially indistinguishable from a decision of

the [Supreme] Court" and arrives at a different result.  *Id.,* 529 U.S. at 404-06.  For a state court decision to be "contrary" to clearly established federal law, "it must 'arrive [ ] at a conclusion opposite to that reached by [the Supreme Court] on a question of law.'"  *Doan v. Brigan*o, 237 F.3d 722, 728 (6th Cir. 2001) (quoting *Williams*, 529 U.S. at 405).  A rule applied by a state court contradicts established Supreme Court precedent if it is "diametrically different," "opposite in character or nature," or "mutually opposed" to it.  *Williams*, 529 U.S. at 405.

On the other hand, a state court's decision involves an "unreasonable application" of clearly established precedent of the Supreme Court when it correctly identifies the governing legal rule but unreasonably applies it to the facts of a particular prisoner's case.  *Id.*, 529 U.S. at 408-09.  To constitute an "unreasonable application" of clearly established federal law, the state court's application of that law must be "objectively unreasonable."  But an "unreasonable application" of federal law is different from an incorrect one.  "[A] federal court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  *Id.*, 529 U.S. at 411; *Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000), *cert. denied*, 531 U.S. 1089 (2001).

**B.      Presumption of Correctness of State Court Findings**

The Tennessee state courts, both trial and appellate, have made relevant findings of fact on the issues presented in this habeas petition.  The factual determinations of the state courts are presumed to be correct, and petitioner must rebut that presumption with clear and convincing evidence.  28 U.S.C.  § 2254(e)(1).  Unless the petitioner can plead and prove facts meeting this burden, the federal court must presume the state courts' determination of the facts to be true, and review the reasonableness of the state courts' application of federal law.  *Dukes v. Hunt*, 952 F.

Supp. 276, 280 (E.D.N.C. 1996); *see also Armstrong v. Morgan*, 372 F.3d 778, 781 (6th Cir. 2004) (federal court presumes state court's factual determinations are correct unless rebutted by clear and convincing evidence).  In the absence of express findings, federal courts must nevertheless give appropriate deference to implicit findings of the state courts that can be inferred from the record.  *Fowler v. Jago*, 683 F.2d 983, 987-989 (6th Cir. 1982).  This presumption of correctness of both explicit and implicit findings of fact extends to credibility findings, *Smith v. Jago*, 888 F.2d 399, 407 (6th Cir. 1989), and applies to findings of both the trial and appellate courts. *Loveday v. Davis*, 697 F.2d 135, 139 (6th Cir. 1983).

The state-court record demonstrates that petitioner was afforded a full and fair hearing before the various state tribunals; that their factual determinations were reasonable in light of the evidence presented to them; and that petitioner has failed to plead, much less prove, any facts that would establish by clear and convincing evidence that the state court findings of fact are not entitled to the § 2254(e)(1) presumption of correctness.  *See also Cullen v. Pinholster*, 131 S.Ct. 1388, 1400 (2011) ("[E]vidence introduced in federal court has no bearing on §2254(d)(1) review. If a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before the state court.").

## C.     Specific Claims

**GROUND NO. 1: THE STATE ELICITED AND FAILED TO CORRECT JARVIS SHIPP'S TESTIMONY DENYING THAT HE HAD RECEIVED ANY PROMISES FROM THE STATE. (D.E. 1 at 39-63).**

Petitioner raised this claim during his post-conviction appeal, and the Tennessee Court of Criminal Appeals addressed the merits in its opinion. In rejecting this claim the Tennessee Court of Criminal Appeals concluded that the challenged testimony was not material and did not deprive the petitioner of a fair trial. *Robinson v. State*, No. W2011-00967-CCA-R3-PD, at *62-63. The

state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable application of clearly established federal law, nor upon an unreasonable determination of the facts in light of the evidence before it.

Petitioner's allegations in this proceeding that differ in kind or otherwise exceed the allegations of the state court's filings by way of additional or expanded factual basis – specifically, his allegations in sub-paragraphs 50-51, 54, 56, 60, 61, 63, 87-91, and 94-96 - are barred by procedural default and should be dismissed. *See Baldwin v. Reese*, 541 U.S. 27 (2004); *Duncan v. Henry*, 513 U.S. 365 (1995) (a habeas petitioner must "fairly present" his claims in each appropriate state court for consideration before seeking federal relief).

## GROUND NO. 2: THE STATE WITHHELD JARVIS SHIPP'S NOVEMBER 5 STATEMENT IN VIOLATION OF *BRADY V. MARYLAND*. (D.E. 1 at 63-83).

Petitioner raised this claim during his post-conviction appeal, and the Tennessee Court of Criminal Appeals addressed the merits in its opinion. In rejecting the claim the Tennessee Court of Criminal Appeals concluded that the State did not suppress the transcript and that the transcript was not material. *Robinson v. State*, No. W2011-00967-CCA-R3-PD, at *59-61.  The state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable application of clearly established federal law, nor upon an unreasonable determination of the facts in light of the evidence before it.

Petitioner's allegations in this proceeding that differ in kind or otherwise exceed the allegations of the state court's filings by way of additional or expanded factual basis – specifically, his allegations in sub-paragraphs 118, 122, 132-133, 146,  and 148 - are barred by procedural default and should be dismissed. *See Baldwin v. Reese*, 541 U.S. 27 (2004); *Duncan v. Henry*, 513 U.S. 365 (1995) (a habeas petitioner must "fairly present" his claims in each appropriate state court for consideration before seeking federal relief).

11

**GROUND NOS. 3-17: INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE GUILT PHASE OF TRIAL. (D.E. 1 at 83-151.)**

In his state post-conviction appeal, the petitioner challenged the performance of his counsel during the guilt phase of his trial where his trial counsel allegedly failed to: (a) use the transcript of Mr. Shipp's November 5th statement and object to his false testimony at trial; (b) adequately cross-examine Sgt. Ashton; (c) object to testimony of Mr. James and Mr. Shipp for lack of foundation; (d) object to evidence of the crime scene and the victim's body; (e) identify and interview witnesses; (f) fully interview Officer Parker prior to his testimony; (g) adequately present evidence that petitioner did not flee and challenge the trial court's ruling on relevance; (h) adequately prepare for suppression hearing; (i) request that petitioner be allowed to sit at counsel table and challenge the local rule; (j) object to the State's vouching for Mr. James and Mr. Shipp during closing arguments; (k) object to the prosecutor's references to petitioner's decision not to testify; (l) object to prosecutor's references to facts not in evidence; (m) object to accomplice instructions that did not include Shaun Washington and Mr. Shipp; and (n) other failures which occurred during jury selection, including counsel's failure to exclude a deputy jailor from the jury, counsel's failure to conduct an adequate *voir dire*, counsel's failure to object to improper jury instructions given during *voir dire*, and counsel's failure to utilize jury questionnaires and retain a jury consultant. *Robinson v. State*, No. W2011-00967-CCA-R3-PD, at *65-82 (Tenn.Crim.App. Mar. 20, 2013) (Notice of Filing 4, Att. 1 at 66-121.)

In affirming the denial of post-conviction relief, the Tennessee Court of Criminal Appeals rejected each of petitioner's claims on the merits based upon the evidence that was before the lower court and the related factual findings. The state court's adjudication was reasonable in light of the evidence before it and in accord with binding Supreme Court precedent. *Gregory Robinson v. State*, No. W2011-00967-CCA-R3-PD, at *65-82 (Tenn.Crim.App. Mar. 20, 2013), *perm. app.*

12

*denied* (Tenn. Aug. 14, 2013). Petitioner is thus not entitled to habeas relief under § 2254(d) with respect to his exhausted claims raised as Ground 3 through 16 of his petition.

Petitioner further contends as Ground No. 17 that the cumulative effect of counsel's overall performance warrants a new trial. (D.E. 1 at 150-51.) While the petitioner claims a cumulative effect from errors committed at his trial, he fails to specify any errors upon which his claim could be based.  Habeas Rule 2 provides that the petition must state the facts supporting each ground. Because the petitioner has failed to allege any facts in support of this claim, it should be summarily dismissed.      Additionally, the state court found that while co-counsel was deficient in failing to provide lead counsel with a copy of the transcript of the meeting between the prosecutors and Mr. Shipp to use in lead counsel's cross-examination of Mr. Shipp, and that trial counsel was deficient in the guilt phase for failing to object to the trial court's instruction that did not include Mr. Shipp as an accomplice as a matter of law, and to the trial court's accomplice/corroboration instruction that included defense witnesses, these deficiencies, when considered both individually and cumulatively, did not result in prejudice to the petitioner. *Gregory Robinson v. State of Tennessee*, No. W2011-00967-CCA-R3-PD, at *97 (Tenn. Crim. App. Mar. 20, 2013.)

Additionally, this claim does not provide petitioner a basis for habeas corpus relief as a matter of law. *See Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002) ("The Supreme Court has not held that distinct constitutional claims can be cumulate to grant habeas relief"). To grant petitioner relief would thus constitute the use of federal habeas corpus to announce a new rule of constitutional criminal law/procedure, a result prohibited by *Teague v. Lane*, 489 U.S. 288, 309-10 (1989); and *Saffle v. Parks*, 494 U.S. 484, 494-95 (1990). Thus, the petitioner is not entitled to relief based on cumulative error.

Moreover, petitioner's allegations in this proceeding that differ in kind or otherwise exceed the allegations of his state court filings by way of additional or expanded factual basis – specifically, his allegations in sub-paragraphs 195, 198, 207-212, 215-216, 239, 246, 253-254, 260, 263, 270-271, 307, 309, 310, 318, 331, 339, 360-361, 364, and 381 - are barred by procedural default and should be dismissed. *See Baldwin v. Reese*, 541 U.S. 27 (2004); *Duncan v. Henry*, 513 U.S. 365 (1995) (a habeas petitioner must "fairly present" his claims in each appropriate state court for consideration before seeking federal relief).

**GROUND NO. 18: THE STATE USED CONTRADICTORY AND IRRECONCILABLE THEORIES AT THE PETITIONER'S TRIAL AND THE TRIAL OF HIS CO-DEFENDANT, PRENTISS PHILLIPS. (D.E. 1 at 151-63)**

The petitioner next contends that his rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated where the State used allegedly contradictory and irreconcilable factual theories at his criminal trial and the criminal trial of his co-defendant, Prentiss Phillips. (D.E. 1 at 151.) Petitioner raised this claim on direct appeal, and the Tennessee Supreme Court addressed the merits in its opinion affirming the petitioner's conviction and sentence. In that decision, the Court concluded that the prosecution presented a consistent theory at both trials where the prosecution sought to establish that each defendant held a leadership position in the gang and that each, acting in a leadership role, ordered or otherwise directed the kidnapping and murder of the victim. *State v. Robinson*, 146 S.W.3d 469, at *494-498 (Tenn. 2004).

The state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable application of clearly established federal law, nor upon an unreasonable determination of the facts in light of the evidence before it.

**GROUND NO. 19:   THE STATE WITHHELD THE TRANSCRIPT FROM JARVIS SHIPP'S MOTION TO SUPPRESS HEARING. (D.E. 1 at 163-64.)**

The petitioner next claims that the state violated his Constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution by failing to provide the transcript of the hearing on Jarvis Shipp's motion to suppress his initial statement to police. (D.E. 1 at 163.) The petitioner raised this issue on direct appeal, and the Tennessee Court of Criminal Appeals addressed the merits in its opinion affirming the petitioner's conviction and sentence. In that decision the court concluded that the transcript did not meet the test under *United States v. Bagley,* 473 U.S. 667 (1985) for materiality. *State v. Robinson*, No. W2001-01299-CCA-R3-DD, at *23-24.

The state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable application of clearly established federal law, nor upon an unreasonable determination of the facts in light of the evidence before it.

**GROUND NO. 20:   THE TRIAL COURT ERRED IN FAILING TO INSTRUCT THE JURY ON THE LESSER INCLUDED OFFENSES OF FACILITATION AND SOLICITATION. THIS CLAIM IS PROCEDURALLY DEFAULTED. (D.E. 1 at 164-70)**

The petitioner next claims that the trial court erred by failing to instruct the jury on the lesser included offenses of facilitation and solicitation in violation of the petitioner's Fifth and Fourteenth Amendment rights under the United States Constitution. (D.E. 1 at 164.) This claim is procedurally defaulted, however, because it was presented under a state-law theory on direct appeal in state court. (Notice of Filing 2, Att. 1 at 111-29.) Absent unusual or exceptional circumstances, a district court should dismiss a petition filed under 28 U.S.C. § 2254 if it contains claims not fully presented to state courts.  *O'Guinn v. Dutton,* 88 F.3d 1409, 1412 (6th Cir. 1996). Here, petitioner presented this claim to the state courts solely under a state-law theory when he

argued that under Art. I, § 6 of the Tennessee Constitution it was necessary for the trial court to instruct the jury on the lesser included offenses of facilitation and solicitation. (Notice of Filing 2, Att. 1 at 112.) The opportunity to present this claim under a federal theory is now foreclosed by Tennessee's one-year limitations period on post-conviction claims and one-petition rule.  Tenn. Code Ann. § 40-30-102.  As such, this claim should be dismissed as procedurally defaulted because the petitioner failed to fully and fairly present this claim under the same constitutional theory advanced in his habeas petition.

**GROUND NO. 21:  THE TRIAL COURT ERRED BY PROVIDING ERRONEOUS DEFINITIONS WITHIN THE JURY INSTRUCTIONS.  (D.E. 1 at 170-77.)**

The petitioner claims that the trial court's instructions on the definitions of "intentionally," "knowingly," "direct," "circumstantial," and "reasonable doubt" violated his rights under the Fifth and Fourteenth Amendments to the United States Constitution. (D.E. 1 at 170.) Petitioner raised this claim on direct appeal, and the Tennessee Court of Criminal Appeals addressed the merits in its opinion affirming petitioner's conviction and sentence. In that decision, the Court concluded that any error concerning the definitions of "intentionally" and "knowingly" was harmless, that there was no reasonable likelihood that any instructions were interpreted by the jury in such a way so as to prevent proper consideration of direct and circumstantial evidence, and that the claim was otherwise meritless. *State v. Robinson*, No. W2001-01299-CCA-R3-DD, at *34-36.

The state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable application of clearly established federal law, nor upon an unreasonable determination of the facts in light of the evidence before it.

**GROUND NO. 22: THE TRIAL COURT ERRED BY DENYING THE PETITIONER'S MOTION FOR A MISTRIAL.  (D.E. 1 at 177.)**

16

The petitioner next argues that the trial court erred by denying his motion for a mistrial after allegedly impermissible identification testimony was introduced as evidence. (D.E. 1 at 177.) Petitioner raised this claim on direct appeal, and the Tennessee Supreme Court addressed the merits in its opinion affirming petitioner's conviction and sentence. In that decision, the Court concluded that, when viewed as a whole, Nichole Black's identification testimony was uncertain and vague, and the trial judge twice instructed the jury to disregard her testimony in its entirely. Accordingly, the trial court did not abuse its discretion in denying the request for a mistrial. *State v. Robinson*, 146 S.W.3d, at 493-494.

The state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable application of clearly established federal law, nor upon an unreasonable determination of the facts in light of the evidence before it.

**GROUND NO. 23:   THE TRIAL COURT ERRED IN ADMITTING THE VICTIM'S RECONSTRUCTED SKULL AND PHOTOS OF THE VICTIM'S BODY INTO EVIDENCE. (D.E. 1 at 181-85)**

Petitioner next contends that his due process rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated where the trial court allowed into evidence the victim's reconstructed skull, and photos of the victim's body. (D.E. 1 at 181.) However, this claim is procedurally defaulted because it was presented under a state-law theory on direct appeal in state court. To properly exhaust a habeas claim, a petitioner is required to fairly present each constitutional claim to the state courts for consideration in the first instance. To do so, a petitioner must present each claim to the state courts under the same legal and factual theory on which he proceeds in federal habeas proceedings. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). On direct appeal petitioner argued that the

introduction of this evidence was unfairly prejudicial under Rule 403 of the Tenn. Rules of Evidence and *State v. Banks*, 564 S.W.2d 947 (Tenn. 1978). (Notice of Filing 2, Att. 1 at 81-96.)

While the petitioner avers in passing that trial Exhibit 38 violates the petitioner's rights under the Eighth Amendment to the United States Constitution, he provides no supporting case law or citations to sustain any Constitutional argument. (Notice of Filing 2, Att. 1 at 95.) Further, the petitioner makes no such Eighth Amendment claim in his current habeas petition. Presentation of a claim under a related-but-distinct theory is insufficient for exhaustion. *Wong v. Money*, 142 F.3d. 313, 322 (6th Cir. 1998). The opportunity to present this claim under a federal theory is now foreclosed by Tennessee's one-year limitations period on post-conviction claims and one-petition rule. Tenn. Code Ann. § 40-30-102. As such, this claim should be dismissed as procedurally defaulted.

**GROUND NO. 24:   THE TRIAL COURT ERRED BY DENYING THE PETITIONER'S *BATSON* CHALLENGE. (D.E. 1 at 185-88.)**

The petitioner next argues that his constitutional rights under the Fifth and Fourteenth Amendments to the United States Constitution were violated where the trial court denied his *Batson* challenge. (D.E. 1 at 185.) Petitioner raised this claim on appeal and the Tennessee Court of Criminal Appeals addressed the merits in its opinion, concluding that the issue is without merit. *State v. Robinson*, No. W2001-01299-CCA-R3-DD, at *8-9 (Tenn.Crim.App Aug. 13, 2013); (Notice of Filing 2, Att. 1 at 226-27.)

The state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable application of clearly established federal law, nor upon an unreasonable determination of the facts in light of the evidence before it.

**GROUND NO. 25:   JUROR BIAS AT TRIAL. (D.E. 1 at 189-92.)**

The petitioner claims that his rights under the Fourteenth, Sixth, and Fifth Amendments to the United States Constitution were violated because of the presence of a biased juror. (D.E. 1 at 189.) However, this claim fails because it was presented solely under a state-law theory in state court. (Notice of Filing 2, Att. 1 at 233-26.) The petitioner presented this claim to the State appellate courts on direct appeal alleging a violation under T.C.A. § 40-18-116 and under *State v. Atkins*, 867 S.W.2d 350 (Tenn. Crim. App. 1993.) (Notice of Filing 2, Att. 1 at 231-32.) Presentation of a claim under a related-but-distinct theory is insufficient for exhaustion. *Wong v. Money*, 142 F.3d. 313, 322 (6th Cir. 1998).  The opportunity to present this claim under a federal theory is now foreclosed by Tennessee's one-year limitations period on post-conviction claims and one-petition rule.  Tenn. Code Ann. § 40-30-102.  As such, this claim should be dismissed as procedurally defaulted because the petitioner failed to fully and fairly present this claim under the same Constitutional theory advanced in his habeas petition to the state appellate court on direct appeal.

**GROUND NO. 26:   THE TRIAL COURT ERRED IN DENYING THE PETITIONER'S MOTION FOR AN INDIVIDUAL AND SEQUESTERED VOIR DIRE.  (D.E. 1 at 192-94.)**

Petitioner raised this claim on direct appeal, and the Tennessee Court of Criminal Appeals addressed the merits in its opinion. In rejecting this claim the Court concluded that the prevailing *voir dire* practice is to examine jurors collectively and that the defendant failed to show that the trial court abused its discretion in denying the motion for an individual and sequestered *voir dire*. *State v. Robinson*, No. W2001-01299-CCA-R3-DD, at *7-8 (Tenn.Crim.App Aug. 13, 2013).

The state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable application of clearly

established federal law, nor upon an unreasonable determination of the facts in light of the evidence before it.

Petitioner's allegations in this proceeding that differ in kind or otherwise exceed the allegations of his state court's filings by way of additional or expanded factual basis – specifically, his allegations in sub-paragraph 534 - are barred by procedural default and should be dismissed. *See Baldwin v. Reese*, 541 U.S. 27 (2004); *Duncan v. Henry*, 513 U.S. 365 (1995) (a habeas petitioner must "fairly present" his claims in each appropriate state court for consideration before seeking federal relief).

## GROUND NO. 27: THE TRIAL COURT ERRED BY PERMITTING IDENTIFICATIONS DERIVED FROM AN IMPERMISSABLY SUGGESTIVE PHOTO ARRAY. (D.E. 1 AT 195-96).

Petitioner raised this claim on direct appeal, and the Tennessee Court of Criminal Appeals addressed the merits in its opinion. In rejecting this claim the Court concluded that although the complexion of the defendant was somewhat lighter than the complexions of other persons in the array, it was not impermissibly suggestive and the claim was without merit. *State v. Robinson*, No. W2001-01299-CCA-R3-DD, at *24-26 (Tenn.Crim.App Aug. 13, 2013).

The state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable application of clearly established federal law, nor upon an unreasonable determination of the facts in light of the evidence before it.

## GROUND NO. 28:   THE EVIDENCE WAS INSUFFICIENT TO ESTABLISH GUILT. (D.E. 1 at 196-97.)

The petitioner next contends that the evidence presented at his criminal trial was insufficient to support his convictions. (D.E. 1 at 196). Petitioner raised an evidentiary sufficiency claim on direct appeal, and, after a detailed recitation of the evidence presented at petitioner's

criminal trial, the Tennessee Court of Criminal Appeals rejected the claim, and the Tennessee Supreme Court affirmed.

In this case the Tennessee Court of Criminal Appeals applied the proper standard and concluded that the evidence was sufficient to support the petitioner's convictions. *State v. Robinson*, No. W2001-01299-CCA-R3-DD, at *9-15 (Tenn.Crim.App. Aug. 13, 2003.) In rejecting the petitioner's claim, the state appellate court considered the facts and rendered a decision consistent with the controlling Supreme Court rule in *Jackson v. Virginia*. The petitioner has failed to identify any evidence, much less clear and convincing evidence, to overcome the presumption of correctness that must be accorded the court's factual determinations concerning the content of the record, and the appropriate inferences to be drawn therefrom. *See* 28 U.S.C. §2254(e)(1).

Given the proffered evidence against the petitioner in this matter a rational juror could certainly find that the petitioner was responsible for the offenses for which he was convicted and because the petitioner has failed to demonstrate that the state court's adjudication of his claim involved an unreasonable application of the facts in light of the evidence before the state court he is not entitled to habeas relief.

**GROUND NOS. 29-33: INEFFECTIVE ASSISTANCE OF COUNSEL DURING THE PENALTY PHASE OF TRIAL. (D.E. 1 at 197-214.)**

In his state post-conviction appeal, the petitioner challenged the performance of his counsel at sentencing due to counsel's alleged failure to: a) prepare an adequate mitigation report; (b) develop a rational mitigation theory; (c) prepare mitigation witnesses; (d) obtain neuropsychological testing; (e) withdraw from representation due to a conflict of interest; and (f) object to prosecutorial comments on aggravating factors at sentencing. *Robinson v. State*, No.

W2011-00967-CCA-R3-PD, at *83 (Tenn. Crim. App. Mar. 20, 2013); (Notice of Filing 4, Att. 1 at 121-31.)

In affirming the denial of post-conviction relief, the Tennessee Court of Criminal Appeals rejected each of petitioner's claims on the merits based upon the evidence that was before the lower court and the related factual findings. The state court's adjudication was reasonable in light of the evidence before it and in accord with binding Supreme Court precedent. *Gregory Robinson v. State*, No. W2011-00967-CCA-R3-PD, at *83-92 (Tenn. Crim. App. Mar. 20, 2013), *perm. app. denied* (Tenn. Aug. 14, 2013). Petitioner is thus not entitled to habeas relief under § 2254(d) with respect to his exhausted claims alleged as Ground Numbers 29, 30, and 32.

Petitioner's allegations in this proceeding that differ in kind or otherwise exceed the allegations of his state court filings by way of additional or expanded factual bases – specifically, the allegations contained in sub-paragraph 550, 559-561, 567-568, and 572 - are barred by procedural default and should be dismissed. *See Baldwin v. Reese*, 541 U.S. 27 (2004); *Duncan v. Henry*, 513 U.S. 365 (1995) (a habeas petitioner must "fairly present" his claims in each appropriate state court for consideration before seeking federal relief).

Ground Number 31 is barred by procedural default. Petitioner did not raise this claim in his direct or post-conviction appeals in the state courts. Because petitioner failed to present this claim to the state courts for consideration in the first instance, he is barred from raising it here.

Additionally, Ground No. 33 is barred by procedural default as petitioner did not raise this claim in his post-conviction appeal in the state courts. Notwithstanding its procedural default, this claim does not provide petitioner a basis for habeas corpus relief. *See Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002) ("The Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief.") To grant petitioner relief would thus constitute the use of

federal habeas corpus to announce a new rule of constitutional criminal law/procedure, a result prohibited by *Teague v. Lane*, 489 U.S. 288, 309-10 (1989); and *Saffle v. Parks*, 494 U.S. 484, 494-95 (1990).

### GROUND NOS. 34-37: INEFFECTIVE ASSISTANCE OF COUNSEL ON DIRECT APPEAL. (D.E. 1 at 214-19.)

In his state-post-conviction appeal, the petitioner challenged the performance of his counsel during his direct appeal due to counsel's failure to challenge the Tennessee Supreme Court's finding that Mr. Shipp's testimony was corroborated by the testimony of Dr. Thomas Deering, counsel's failure to challenge the trial court's inclusion of Mr. Carradine, Mr. Triplett, and Mr. Hardin in its accomplice-corroboration instruction, counsel's failure to appeal the trial court's relevance ruling on "lack of flight" evidence, and counsel's failure to challenge Local Rule 8.05. *Robinson v. State*, No. W2011-00967-CCA-R3-PD, at *92 (Tenn.Crim.App. Mar. 20, 2013); (Notice of Filing 4, Att. 1 at 132-35.)

In affirming the denial of post-conviction relief, the Tennessee Court of Criminal Appeals rejected each of the petitioner's claims on the merits based upon the evidence that was before the lower court and the related factual findings. The state court's adjudication was reasonable in light of the evidence before it and in accord with binding Supreme Court precedent. *Robinson v. State,* No. W2011-00967-CCA-R3-PD, at *92-95 (Tenn.Crim.App. Mar. 20, 2013.) Petitioner is thus not entitled to habeas relief under § 2254(d) with respect to his exhausted claims as alleged in Ground Numbers 34 through 37.

Petitioner's allegations in this proceeding that differ in kind or otherwise exceed the allegations of the state court filings by way of additional or expanded factual bases – specifically, his allegations in sub-paragraph 599 - are barred by procedural default and should be dismissed. *See Baldwin v. Reese*, 541 U.S. 27 (2004); *Duncan v. Henry*, 513 U.S. 365 (1995) (a habeas

petitioner must "fairly present" his claims in each appropriate state court for consideration before

seeking federal relief).

**GROUND NO. 38:   THE TENNESSEE RULES FOR CONSIDERING AGGRAVATING CIRCUMSTANCES ARE UNCONSTITUTIONAL. (D.E. 1 at 219-20.)**

Petitioner claims that the Tennessee Rules for considering aggravating circumstances are

unconstitutional because several of the aggravating circumstances set forth in Tenn. Code Ann. §

39-13-204(i) have been so broadly construed that they fail to meaningfully narrow the class of

defendant's eligible for the death penalty. (D.E. 1 at 219-20.)  Petitioner raised this claim on direct

appeal, and the Tennessee Court of Criminal Appeals addressed the merits in its opinion. In

rejecting this claim the Court concluded that the issue is without merit and has been rejected by

the Tennessee Supreme Court. *State v. Robinson*, No. W2001-01299-CCA-R3-DD, 2003 WL

21946735, at *43 (Tenn.Crim.App Aug. 13, 2013).

The state court's adjudication of this claim did not involve an unreasonable application of

clearly established federal law nor was it based upon an unreasonable application of clearly

established federal law, nor upon an unreasonable determination of the facts in light of the evidence

before it.

**GROUND NO. 39: WOMEN AS GRAND JURY FOREPERSON'S ARE UNDER-REPRESENTED IN SHELBY COUNTY, TENNESSEE, AND PETITIONER'S COUNSEL FAILED TO RAISE THE ISSUE. THIS CLAIM IS PROCEDURALLY DEFAULTED. (D.E. 1 at 220-23.)**

The petitioner next alleges that an under-representation of women as grand jury

forepersons in Shelby County, Tennessee violated his Sixth and Fourteenth Amendment rights

under the United States Constitution. (D.E. 1 at 220.) Petitioner also claims that the failure of his

counsel to raise this issue constituted a violation of those same Constitutional rights. (D.E. 1 at

220.) However, petitioner failed to fairly present these claims to the state appellate courts, where

the state procedural bar requires that such matters be raised, and, as such, both claims are now barred by procedural default.

A habeas petitioner is required to exhaust state remedies by presenting the substance of his constitutional claims to the state courts prior to seeking federal habeas relief. 28 U.S.C. § 2254(b). The exhaustion requirements is satisfied only when the highest state court has been "given a full and fair opportunity to rule on the claim." *O'Sullivan v. Boerckel*, 526 U.S. 838, 846-47 (1999). To ensure that the State has the necessary "opportunity" to correct alleged violations of its prisoners' federal rights, a habeas petitioner must "fairly present" his claim in each appropriate state court for consideration before seeking federal relief. *Duncan v. Henry,* 513 U.S. 365 (1995).

Further, when a state court relies on procedural default to deny a petitioner's federal claims, but then alternatively dismisses claims on the merits, the claims are procedurally defaulted for purposes of federal habeas review. *See Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) (stating that "a state court need not fear reaching the merits of a federal claim in an alternative holding"); *Coe v. Bell*, 161 F.3d 320, 330 (6th Cir. 1998).

## GROUND NO. 40: DEATH SENTENCES ARE IMPOSED ARBITRARILY AND CAPRICIOUSLY IN TENNESSEE. (D.E. 1 at 223-26.)

The petitioner claims that death sentences are imposed arbitrarily and capriciously in Tennessee. (D.E. 1 at 223.) Petitioner raised this claim on direct appeal, and the Tennessee Court of Criminal Appeals addressed the merits in its opinion. In rejecting this claim the Court concluded that this claim is without merit.  *State v. Robinson*, No. W2001-01299-CCA-R3-DD, at *49 (Tenn.Crim.App Aug. 13, 2013); *See also Robinson v. State*, No. W2011-00967-CCA-R3-PD, at *96 (Tenn.Crim.App Mar. 20, 2013.)

The state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable application of clearly

established federal law, nor upon an unreasonable determination of the facts in light of the evidence before it.

**GROUND NO. 41: TENNESSEE'S APPELLATE REVIEW PROCESS IN DEATH PENALTY CASES DOES NOT ENSURE THAT CAPITAL PUNISHMENT IS NOT IMPOSED ARBITRARILY AND CAPRICIOUSLY. (D.E. 1 at 226-28.)**

The petitioner next claims that Tennessee's appellate review process in death penalty cases does not ensure that capital punishment is not imposed arbitrarily and capriciously. (D.E. 1 at 227.) Petitioner failed to fairly present this claim to the Tennessee appellate courts on direct appeal and has thus procedurally defaulted the claim. Although petitioner referred in passing to the alleged unconstitutionality of the Tennessee appellate review process on direct appeal and on post-conviction appeal, he failed to alert the court to the Constitutional basis of his claim and failed to argue the same factual basis as presented in his habeas petition. (Notice of Filing 2, Att. 1 at 247; Notice of Filing 4 at 150-53.) His presentation in state courts was inadequate to fairly alert the courts to the factual and legal basis of his claim. As such, the claim is barred by procedural default. To fulfill the exhaustion requirement, a petitioner must fairly present both the factual and legal basis for his claims in order to give state courts a full and fair opportunity to adjudicate such claims. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Further, when a state court relies on procedural default to deny a petitioner's federal claims, but then alternatively dismisses claims on the merits, the claims are procedurally defaulted for purposes of federal habeas review. *See Harris v. Reed*, 489 U.S. 255, 264 n. 10 (1989) (stating that "a state court need not fear reaching the merits of a federal claim in an alternative holding"); *Coe v. Bell*, 161 F.3d 320, 330 (6th Cir. 1998).

**GROUND NO. 42: THE ADMINISTRATION OF LETHAL INJECTION CONSTITUTES CRUEL AND UNUSUAL PUNISHMENT. (D.E. 1 AT 228-29.)**

The petitioner next argues that death by lethal injection is unconstitutional. (D.E. 1 at 228-29.) Petitioner raised this claim on direct appeal, and the Tennessee Court of Criminal Appeals addressed the merits in its opinion affirming the petitioner's conviction and sentence. *State v. Robinson*, No. W2001-01299-CCA-R3-DD, at *49 (Tenn. Crim. App. 2003). The state court's adjudication of this claim did not involve an unreasonable application of clearly established federal law nor was it based upon an unreasonable determination of the facts in light of the evidence before it.

**GROUND NO. 43 TENNESSEE'S USE OF THE DEATH PENATLY VIOLATES INTERNATIONAL TREATIES, LAWS, AND NORMS. (D.E. 1 at 229-34.)**

This claim is barred by procedural default. Petitioner did not raise this claim in his direct appeal or post-conviction appeals in the state courts. Because petitioner failed to present his claim to the state courts for consideration in the first instance, he is barred from raising it here. Notwithstanding this default, petitioner's claim is meritless as arguments that the death penalty is unconstitutional under international laws and treaties have been systematically rejected. *See State v. Odom*, 137 S.W.3d 572, 600 (Tenn. 2004.)

**GROUND NO. 44: THE PETITIONER DEMANDS RELIEF FOR CUMULATIVE ERROR. (D.E. 1 at 234.)**

The petitioner contends that the cumulative effect of alleged errors warrants a new trial. (D.E. 1 at 234.) While the petitioner claims a cumulative effect from errors committed at his trial, he fails to specify any errors upon which his claim could be based.  Habeas Rule 2 provides that the petition must state the facts supporting each ground and by failing to include a statement of supporting facts for this claim, it should be summarily dismissed.

Further, this claim does not provide petitioner a basis for habeas corpus relief. *See Lorraine v. Coyle*, 291 F.3d 416, 447 (6th Cir. 2002). To grant petitioner relief would thus constitute the use

of federal habeas corpus to announce a new rule of constitutional criminal law/procedure, a result

prohibited by *Teague v. Lane*, 489 U.S. 288, 309-10 (1989); and *Saffle v. Parks*, 494 U.S. 484,

494-95 (1990). The petitioner is thus not entitled to relief based on cumulative error.

## VI. CONCLUSION

For the reasons stated, the petition for writ of habeas corpus should be denied.


Respectfully submitted,

HERBERT H. SLATERY III
Attorney General & Reporter

/s/ Michael M. Stahl
MICHAEL M. STAHL
Assistant Attorney General
P.O. Box 20207
Nashville, Tennessee 37202-0207
Phone: (615) 253-5463
Fax: (615) 532-4892
Email: Michael.Stahl@ag.tn.gov
Tenn. B.P.R. No. 32381

**CERTIFICATE OF SERVICE**

On January 23, 2015, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a copy in the United States mail, postage prepaid, to their address of record.

/s/ Michael M. Stahl
MICHAEL M. STAHL
Assistant Attorney General