**Proposed Interrogatories and Requests for Production of Petitioner Gregory Robinson, To Be Propounded on State of Tennessee**

**I.      Interrogatories**

1. Explain your beliefs concerning, and identify all facts and evidence supporting, or which you believed at the time supported, your contentions at the trial of Petitioner Gregory Robinson that (a) Robinson held the rank, title, or position ("rank") of "chief of security" of the Gangster Disciples for the city of Memphis, and (b) Robinson held a higher rank and/or authority than Prentiss Phillips at the Hurt Village meeting preceding the murder of Vernon Green on or about April 30-May 1, 1997.

2. Explain your beliefs concerning, and identify (a) all facts and evidence you collected or obtained on or after November 21, 1998, concerning (i) the ranks of Robinson and Phillips within the Gangster Disciples on or about April 30-May 1, 1997, and (ii) the relative rank or authority of Robinson and Phillips at the Hurt Village meeting preceding the murder of Vernon Green on or about April 30-May 1, 1997; (b) any change in your understanding as to the foregoing; and (c) when, how, and why such understanding changed, including but not limited to all facts and evidence informing such change(s).

3. State whether you contend that the factual theories offered at the trials of Prentiss Phillips and Gregory Robinson are consistent with one another, and if so, set forth all the reasons why you so contend, including identification of all facts and evidence supporting your contention.

4. Identify each lawyer or investigator who worked on the prosecution of Gregory Robinson.

5. Identify each lawyer or investigator who worked on the prosecution of Prentiss Phillips.

6. Identify each lawyer or investigator who worked on the prosecution of any other individual in connection with the murder of Vernon Green.

## II. Requests for Production

1. Produce the complete prosecution file(s) related to the prosecution of Prentiss Phillips, including but not limited to evidence, notes, transcripts, police reports, investigation materials and reports, interviews, notes of interviews, communications with witnesses, witness statements, and agreements with or promises made to witnesses.

2. Produce all policies, procedures, and training materials in place in the Office of the Shelby County District Attorney General or the Office of the Attorney General of Tennessee at the time of Robinson's trial related to *Jencks* materials (i.e. prior statements of witnesses), including but not limited to records of training, notes, textbooks, written policies or guidelines, and memoranda.