IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | No. 2:14-cv-02630 |
| v. | ) | Judge Lipman |
| | ) | DEATH PENALTY |
| | ) | |
| WAYNE CARPENTER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**RESPONDENT'S OBJECTION TO PETITIONER'S MOTION FOR LEAVE TO FILE A REPLY MEMORANDUM IN SUPPORT OF MOTION TO APPLY *DE NOVO* REVIEW**

Comes now Respondent, Wayne Carpenter, and objects to Petitioner's Motion For Leave To File A Reply Memorandum In Support Of Petitioner's Motion To Apply *De Novo* Review (D.E. 35) because petitioner's Motion To Apply *De Novo* Review does not present complex issues on a variety of causes which require briefing beyond the arguments already stated in petitioner's 27-page Memorandum Of Fact And Law In Support Of His Motion To Apply *De Novo* Review. (D.E. 29-1.)

Petitioner's Motion to Apply *De Novo* Review requests that this Court apply a *de novo* standard of review to claims 1 and 2 of his Writ for Federal Habeas Corpus, as well as to all factual issues underlying his remaining claims, in contrast to the standard for evaluating state court rulings under AEDPA. (D.E. 29-1 at 25.) In support, petitioner makes an approximately 30-page argument that relies heavily on the standard articulated in *Johnson v. Williams*, 133 S.Ct. 1088 (2013), as well numerous cases from multiple Circuit Courts, and several allegations of factual errors within the state-court findings. Petitioner's request for an extension of time to respond to the

1

Respondent's answer is unnecessary and unduly burdensome where there is no more binding Supreme Court precedent that controls the issues presented in petitioner's Motion. Further, the Court in *Johnson* specifically warned against unnecessary federal habeas litigation based upon that Court's limited holding.

Additionally, any support or specific evidence for the petitioner's argument that all the factual issues underlying his habeas claims are required to be reviewed *de novo* should have been previously set forth in his Motion, so that the Respondent could have had the opportunity to respond to particular claims, as necessary. Further evidence that the state court findings of fact are not entitled to the § 2254(e)(1) presumption of correctness would not be appropriately presented in a reply Memorandum by the petitioner.

Accordingly, for the reasons stated, the respondent objects to the petitioner's Motion for leave to file a response in this matter.

                                              Respectfully submitted,

                                              HERBERT H. SLATERY III
                                              Attorney General & Reporter

                                              /s/ Michael M. Stahl
                                              MICHAEL M. STAHL
                                              Assistant Attorney General
                                              P.O. Box 20207
                                              Nashville, Tennessee 37202-0207
                                              Phone: (615) 253-5463
                                              Fax: (615) 532-4892
                                              Email: Michael.Stahl@ag.tn.gov
                                              Tenn. B.P.R. No. 32381

## CERTIFICATE OF SERVICE

On June 19, 2015, the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a copy in the United States mail, postage prepaid, to their address of record.

/s/ Michael M. Stahl
MICHAEL M. STAHL
Assistant Attorney General
