IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| GREGORY ROBINSON, | ) | Electronically filed, |
| Petitioner, | ) | No. 2:14-cv-02630-SHL-tmp |
| v. | ) | CAPITAL CASE |
| WAYNE CARPENTER, Warden, Riverbend Maximum Security Institution, | ) | |
| Respondent. | ) | |

**REPLY MEMORANDUM OF FACT AND LAW IN SUPPORT OF PETITIONER GREGORY ROBINSON'S MOTION TO APPLY DE NOVO REVIEW**

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

ARGUMENT ..................................................................................................................... 2

# INTRODUCTION

In granting Mr. Robinson leave to file this reply in further support of his motion (ECF No. 29) to apply *de novo* review to his claims, the Court directed us to provide responses to two questions relating to the motion. On the first question, Petitioner responds that, if the State does not oppose the discovery he has requested, determination of the issues raised by this motion on standard of review could be deferred until after the discovery is completed. To the extent that the State opposes such discovery based on AEDPA, however, the application of *de novo* review trumps AEDPA discovery standards and therefore presents an essential threshold issue in need of decision now.

On the second question, Petitioner acknowledges that the factual record pertaining to Ground No. 1 (the *Napue* claim) in his Petition is fully developed and that the parties have fully briefed the threshold question concerning the Tennessee Court of Criminal Appeals' application of an incorrect materiality standard to Petitioner's *Napue* claim. If the Court agrees that the Tennessee CCA applied the wrong legal standard to this claim, then this Court must determine *de novo* whether Petitioner is entitled to habeas relief under the correct standard—an issue that has not been briefed on this motion. Conversely, even if the standard applied to that claim by the CCA could be justified, Petitioner contends that he is nonetheless entitled to relief under Ground No. 1 of his Petition, and the Court must determine whether the CCA's ruling on materiality must be overturned under AEDPA standards. The parties also have not yet briefed this issue here.

Thus, while the threshold issue of the appropriate standard of review for the *Napue* claim has been fully briefed, further briefing would be needed after the Court's decision on this motion.

# ARGUMENT

The State's brief in opposition to Petitioner's motion to apply *de novo* review is most remarkable for what it fails to do:

- It fails to cite a single case holding that AEDPA deference applies where, as here, the state court applied the wrong legal standard to a federal claim.

- It fails to address—let alone distinguish or rebut—the numerous cases (including Supreme Court and Sixth Circuit cases) holding that *de novo* review applies where a state court used the wrong legal standard.

- It offers no support for the State's mere assertion that the Tennessee CCA applied the correct materiality standard to Robinson's *Napue* claim. To the contrary, the State relies upon a lengthy quotation from the CCA opinion that *includes* the wrong standard.

- It ignores the plain facts cited in Petitioner's opening brief demonstrating that the CCA and the trial court improperly applied a "clear and convincing" evidence standard to Robinson's *Brady* claim and to the factual issues underlying Robinson's other claims.

Nor can the State defend the CCA's standard-of-review errors merely by repeating the mantra that the CCA issued what looks like a "reasoned decision." Opp. Br. at 6; *see also id*. at 5 ("explicitly reasoned denial"); *id*. at 10 ("reasoned opinion"); *id*. at 11 ("actual and express denial of his claims"). As the law discussed in Petitioner's opening brief makes clear, a state court decision that applies the wrong legal standard does not earn AEDPA deference. That is exactly the situation here.

As shown in Petitioner's opening brief, an ostensibly "reasoned" state court decision employing the *wrong* legal standard is not a true adjudication on the merits, and therefore results in *de novo* federal habeas review. While some courts base this conclusion on the AEDPA language requiring an adjudication "on the merits," *see id*. at 13 (citing cases), and others have framed their holdings in terms of a standard of review "contrary to" established law, *see* Robinson Br. at 11–12 (citing cases), the result in either instance is the same: *de novo* review

applies, and the federal court decides the issue afresh, without deference to the state court's assessment of the factual record or the reasonableness of its application of the law.

The State mischaracterizes Robinson's argument as relying solely on "other circuit court decisions" that are "not controlling under Sixth Circuit precedent," and incorrectly claims that "the only legal touchstone relevant in this context is precedent from the Supreme Court," Opp. Br. at 11. In fact, Petitioner *has* cited in his opening brief several Supreme Court and Sixth Circuit precedents holding that *de novo* review applies where the state court has applied the wrong legal standard.[1] Furthermore, the State's contention that Supreme Court decisions are the only valid source of law is unfounded. That would be true *if* AEDPA's deferential standard of review applied, since AEDPA restricts a federal *habeas* court to examining "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254. But the question here is whether the deferential standard of AEDPA should apply in the first instance. On that threshold issue, federal courts are not restricted by the above provision, and the State does not cite any authority stating or suggesting otherwise.

Nor does the State provide any support for its assertion that the CCA "applied the correct federal standard" to Petitioner's *Napue* claim, Opp. Br. at 6. The only basis proffered by the State is a lengthy block quotation of the CCA decision. *See* Opp. at 6–8. But this excerpt only reinforces *Petitioner*'s argument by expressly stating the *wrong* standard. Opp. Br. at 7–8 (quoting CCA opinion that "we cannot conclude that a *reasonable probability* exists that the

---

[1] *See Johnson v. Williams*, 568 U.S. ---, 133 S. Ct. 1088, 1097 (2013) ("AEDPA permits *de novo* review in those rare cases when a state court decides a federal claim in a way that is 'contrary to' clearly established Supreme Court precedent."); *id*. at 1096 (presumption of adjudication on the merits can be rebutted, resulting in *de novo* review, where state court uses a standard that is "less protective" than the federal standard); *Vasquez v. Bradshaw*, 345 F. App'x 104, 111–112 (6th Cir. 2009) (*de novo* review applies because state court's use of wrong legal standard improperly placed "a greater burden on the petitioner").

3

outcome of the trial *would have been different* but for the State's conduct and the use of the challenged testimony") (emphases added). As the U.S. Supreme Court and other courts applying its precedent have held, the correct standard—whether there is "*any* reasonable likelihood" "that the false testimony *could … have affected* the judgment of the jury," *Napue v. Illinois*, 360 U.S. 264, 271 (1959) (emphases added) —is different and decidedly more favorable to a defendant. *See* Robinson Br. at 10 (citing cases). The State fails even to acknowledge, much less rebut, these cases or Petitioner's argument.

Similarly, the State asserts that the CCA also "applied the correct federal standard" to Robinson's *Brady* claim, but it again merely inserts a three-page block quotation from the CCA opinion that does not even identify the operative standard of proof used by the court. Opp. Br. at 8–10. Elsewhere in its opinion, however, the CCA made clear that its review was premised on the legal assumption that Petitioner "must establish the factual allegations contained in his petition by *clear and convincing evidence*." CCA Op., 2013 WL 1149761 at *56 (emphasis added). As Robinson demonstrated in his opening brief—and as the State does not dispute—the correct standard is a preponderance of the evidence.

The State also focuses on the lower state court opinion's failure to expressly recite the applicable standard of proof; but as the State concedes (*see* Opp. Br. at 6), the CCA's opinion, not Judge Higgs's decision, is the benchmark for evaluating the Tennessee post-conviction proceedings. Moreover, the State does not even attempt to dispute Petitioner's demonstration that, in fact, the late Judge Higgs *never* applied the preponderance standard in any of his decisions identifying the standard of proof, and *always* applied the "clear and convincing" standard. *See* Robinson Br. at 15–16 & Sched. A. The state courts plainly applied the "clear and convincing evidence" standard to Petitioner's claims.

Finally, the State suggests that the Court should defer Petitioner's motion and decide the issues it raises later, on a motion for summary judgment. Given the unique framework of AEDPA, however, the applicable standard of review presents an important threshold issue that could have a significant impact on other aspects of the proceeding. For example, application of *de novo* review could affect the scope of discovery, the availability and scope of an evidentiary hearing, and the arguments that the parties can eventually make in dispositive motions. Petitioner has filed a motion for certain limited discovery (ECF No. 31), and he anticipates that the State may oppose even the modest, targeted discovery sought by that motion, possibly in reliance upon *Cullen v. Pinholster*, 563 U.S. ___, 131 S.Ct. 1388 (2011). It was in anticipation of such arguments, in part, that Petitioner has filed the Motion to Apply *De Novo* Review before his motion for discovery is fully briefed and decided. At a minimum, this Court's determination of the applicable standard of review would also aid the Court by enabling the parties to tailor their arguments in dispositive motions to the standard that the Court has determined to apply, rather than talking past one another by arguing for sharply divergent standards of review.

For the foregoing reasons and those stated in Petitioner's opening brief, Petitioner respectfully submits that his motion to apply *de novo* review should be granted.

Respectfully submitted,

s/ Robert L. Hutton
Robert L. Hutton
Glankler Brown, PLLC
6000 Poplar Avenue
Suite 400
Memphis, TN 38119
Ph: 901-525-1322
Fax: 901-525-2389
rhutton@glankler.com

P. Benjamin Duke
Covington & Burling LLP
620 Eighth Avenue
New York, NY 10018
Ph: 212-841-1072
Fax: 646-441-9072
bduke@cov.com

Attorneys for Petitioner
GREGORY ROBINSON

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the all parties via the Court's ECF system on this the 29th day of June, 2015:

/s/Robert L. Hutton
Robert L. Hutton (TN# 15496)